1  ANDREW D. FORTNEY (SBN 178699)
2  CENTRAL CALIFORNIA IP GROUP, P.C.
3  1768 E. Birch Ave.
   Fresno, CA 93720
4  Telephone: (559) 999-3656
5  Email: *drewfortney@cencalip.com*

6  Attorney for Plaintiff
7  CENTRAL CALIFORNIA IP GROUP, P.C.

8

9  **UNITED STATES DISTRICT COURT**

10  **EASTERN DISTRICT OF CALIFORNIA**

11

12

13  CENTRAL CALIFORNIA IP GROUP, )   Case No.: 1:22-at-508
    P.C.                          )
14                                )   **COMPLAINT FOR VIOLATIONS**
                                  )   **OF THE CARES ACT AND THE**
15            Plaintiff,          )   **ADMINISTRATIVE PROCEDURES**
                                  )   **ACT, JUDICIAL REVIEW OF**
16       vs.                      )   **FINAL AGENCY ACTION, AND**
                                  )   **WRITS REQUIRING A DECISION**
17                                )   **ON APPEAL AND/OR**
    ISABELLA CASILLAS GUZMAN, in )    **PROMULGATION OF RULES**
18  her official capacity as Administrator )  **ALLOWING CORRECTION OF**
    for the Small Business Administration, )  **PPP LOAN FORGIVENESS**
19  the SMALL BUSINESS            )   **APPLICATIONS**
    ADMINISTRATION, a U.S. Federal )
20  Agency, JANET YELLIN, in her )
    official capacity as Secretary of the )
21  Treasury, and the DEPARTMENT OF )
    THE TREASURY, a U.S. Federal )
22  department,                   )
                                  )
23            Defendants.         )
                                  )
24  _____ )

25

26

27

28

Complaint for Violations of the CARES Act and the APA, Judicial Review
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications

Case No. 1:22-at-508

Plaintiff CENTRAL CALIFORNIA IP GROUP, P.C. hereby alleges as follows:

### INTRODUCTION

1.      This is an action seeking withdrawal of the Final Decision of the SBA partially approving the Paycheck Protection Program (PPP) Loan Forgiveness application of Plaintiff CENTRAL CALIFORNIA IP GROUP, P.C. ("CCIPG") or, in the alternative, the issuance of a writ of mandamus or order pursuant to the Administrative Procedure Act requiring Defendant The SMALL BUSINESS ADMINISTRATION ("SBA") to grant the relief requested in the pending Petition for Appeal or issue a Notice and Order in the pending Petition for Appeal, or in the further alternative, to award Plaintiff the correct amount to have been forgiven in Plaintiff's PPP Loan Forgiveness application, plus interest and other damages as may be warranted and/or appropriate, wherein Plaintiff CCIPG alleges the following:

### PARTIES

2.      Plaintiff CCIPG is a professional corporation organized and existing under the laws of the state of California, with its principle place of business located at 1768 E. Birch Ave., Fresno, CA 93720.

3.      On information and belief, and thereon alleged, Defendant SBA is an agency of the United States, within the Department of Commerce located in Washington, DC and having an address at 409 Third St., SW, 8th Floor, Washington, DC 20416.

4.      On information and belief, and thereon alleged, Defendant ISABELLA CASILLAS GUZMAN ("Administrator GUZMAN") is the Administrator for the SBA.

Complaint for Violations of the CARES Act and the APA, Judicial Review                    Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
2

5.     On information and belief, and thereon alleged, Defendant the DEPARTMENT OF THE TREASURY ("TREASURY") is a Department of the United States, within the Department of Commerce located in Washington, DC and having an address at 1500 Pennsylvania Avenue, NW, Washington, DC 20220.

6.     On information and belief, and thereon alleged, Defendant JANET YELLIN ("Secretary YELLIN") is the Secretary of the TREASURY.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the matter in controversy involves a citizen of a State and an agency of the United States.   Judicial review of an SBA loan review decision may be sought in a federal district court after an appeal to the SBA Office of Hearings and Appeals (OHA) and request for review by Administrator GUZMAN of a disputed initial decision or reconsidered initial decision are exhausted.   13 C.F.R. § 134.1216.   As will become clear from the following, CCIPG's appeal to OHA and request for review by Administrator GUZMAN of a disputed decision have been effectively exhausted.

8.     This Court has personal jurisdiction over the SBA, who has conducted and does conduct business within the State of California and within this District, and who has a district office at 801 R Street, Suite 201, Fresno, CA.

9.     This Court has personal jurisdiction over the TREASURY, who has conducted and does conduct business within the State of California and within this District, and whose agency The Internal Revenue Service has an office at 2525 Capitol St., Fresno, CA 93721.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because at least part of the events or omissions giving rise to the claims occurred

Complaint for Violations of the CARES Act and the APA, Judicial Review          Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
3

in this District, and the SBA and the TREASURY are subject to personal jurisdiction in this District and conduct business in this District.

## FACTUAL BACKGROUND

11.    On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Pub. L. 116-136) was signed to provide emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic.  See "Appeals of SBA Loan Review Decisions Under the Paycheck Protection Program," 85 FR 52883, submitted herewith as Exhibit A.  The Paycheck Protection Program, established by the CARES Act, is implemented by the SBA with support from the TREASURY.    See    https://home.treasury.gov/policy-issues/coronavirus/assistance-for-small-businesses/paycheck-protection-program.    With guidance from Secretary YELLIN, Administrator GUZMAN shall administer the program.  15 U.S.C. § 9008(h).

12.    The SBA received funding and authority through the CARES Act to modify existing loan programs and establish a new loan program to assist small businesses nationwide adversely impacted by the COVID-19 emergency. Exhibit A, 85 FR 52883 at 52884.  Section 1102 of the CARES Act temporarily permits SBA to guarantee 100% of loans under the Paycheck Protection Program (PPP), and Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP. *Ibid*.

13.    The intent of the CARES Act is that SBA provide relief to America's small businesses expeditiously.  Exhibit A, 85 FR 52883 at 52884. SBA can review a PPP loan and make determinations as to a borrower's eligibility at any time. *Ibid*.

Complaint for Violations of the CARES Act and the APA, Judicial Review            Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
4

14.    The Paycheck Protection Program (PPP) is a loan designed to provide a direct incentive for small businesses to keep their workers on payroll. See https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/first-draw-ppp-loan, submitted herewith as Exhibit B.  First Draw PPP loans made to eligible borrowers qualify for full loan forgiveness if during the 8- to 24-week covered period following loan disbursement (1) employee and compensation levels are maintained, (2) the loan proceeds are spent on payroll costs and other eligible expenses, and (3) at least 60% of the proceeds are spent on payroll costs.   See https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-loan-forgiveness, submitted herewith as Exhibit C; see also 15 U.S. Code § 636m.

15.    During the covered period (i.e., the period beginning on February 15, 2020 and ending on December 31, 2020), small business concerns shall be eligible to receive a covered loan (i.e., a loan made under 15 U.S.C. 636(a)(36)) during the covered period if the business concern employs not more than 500 employees.  15 U.S.C. 636(a)(36)(A)(ii)-(iv), 15 U.S.C. 636(a)(36)(D)(i).

16.    On April 15, 2020, CCIPG executed SBA Loan # 9007627105 (submitted herewith as Exhibit D; hereinafter, the "PPP Loan") in the amount of $74,600.00 under the PPP through Citibank, N.A. ("Lender").

17.    CCIPG had 5 employees at the time that it applied for SBA Loan No. 9007627105 on April 15, 2020.  Therefore, CCIPG was eligible for a loan under the PPP.

18.    At the time that CCIPG submitted its PPP Borrower Application Form on April 15, 2020, it accurately reported its average monthly payroll as $29,861.47, submitting all required supporting documentation for the determination of its average monthly payroll.  Accordingly, CCIPG was eligible

Complaint for Violations of the CARES Act and the APA, Judicial Review
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications

Case No. 1:22-at-508

5

for the entire PPP Loan amount of $74,600.00.

19.    Furthermore, CCIPG's employee and compensation levels were maintained, and more than 60% of the proceeds were spent on payroll costs.  In fact, much more than the amount forgiven in SBA's Final Decision ($15,415.61) was spent on payroll costs and other eligible expenses.  CCIPG actually used nearly all of the PPP Loan proceeds for authorized uses.

20.    CCIPG's covered period for PPP Loan No. 9007627105 is April 16, 2020 through June 11, 2020 (see CCIPG's PPP Loan Forgiveness Application Form 3508S, a redacted version of which is submitted herewith as Exhibit E). Cash compensation paid to and benefits paid for CCIPG's three (3) non-owner employees during the covered period was $23,605.30.  Employee benefits paid for CCIPG's non-owner employees consisted of employer state and local taxes paid by CCIPG, excluding any taxes withheld from their earnings.

21.    Owner compensation paid to CCIPG's two (2) owners (also employees) during the covered period was $47,000.00.

22.    For each individual owner in total across all businesses, this amount is capped at (a) $20,833 (the 2.5-month equivalent of $100,000 per year), or (b) the 2.5-month equivalent of the individual's applicable compensation in the year that was used to calculate the loan amount (2019 or 2020), whichever is lower. See the instructions for the PPP Loan Forgiveness Application Form 3508S; Exhibit E, p. 8.  For one owner, the cap of $20,833 applies.  However, the gross wages paid to the other owner were $17,000.00, below the cap.

23.    Thus, the sum of CCIPG's eligible payroll costs during the covered period was $23,605.30 + $20,833 + $17,000.00 = **$61,438.30**.  The difference between this amount and the forgivable payroll costs of $64,525.68 reported on the Forgiveness Application is due to the inadvertent inclusion of employer state and local taxes paid by CCIPG on owner compensation (excluding taxes

Complaint for Violations of the CARES Act and the APA, Judicial Review                    Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
6

withheld from their earnings) in the number reported on the Forgiveness Application.

24.    Shortly after Lender opened its process for PPP loan forgiveness, CCIPG on several occasions submitted PPP loan forgiveness applications to Lender based on Form 3508EZ.  Each time, Lender had suggested to CCIPG to withdraw the PPP loan forgiveness applications and wait until Lender could accept PPP loan forgiveness applications based on Form 3508S.  Each time, CCIPG withdrew the PPP loan forgiveness application.

25.    On March 18, 2021, CCIPG submitted another Forgiveness Application, this time online using Lender's fillable Form 3508S (see Exhibit E).  CCIPG entered the amount of the loan spent on payroll costs as $64,525.68, but erroneously entered $15,415.61 as the Requested Loan Forgiveness Amount on the line below payroll costs.  The entered Requested Loan Forgiveness Amount is the amount of the loan originally calculated as being spent on eligible non-payroll costs.

26.    On March 22, 2021, Lender notified CCIPG that it had completed its review of the Forgiveness Application, and submitted its decision to the SBA for its review.

27.    On March 30, 2021, CCIPG received notice from Lender that the SBA has rendered a final decision (the SBA's Final Decision, submitted herewith as Exhibit F) regarding their review of CCIPG's Paycheck Protection Program (PPP) loan.   The Final Decision approved loan forgiveness for $15,415.61, a small fraction of the PPP Loan amount ($74,600.00), despite the reported amount of forgivable payroll costs in the Forgiveness Application being $64,525.68, more than four (4) times the amount approved.

28.    CCIPG applied for and received a PPP Loan in the amount of $74,600.00, reported forgivable payroll costs of $64,525.68 in the Forgiveness

Complaint for Violations of the CARES Act and the APA, Judicial Review                           Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
7

Application, and had even greater total forgivable payroll and non-payroll costs. However, the SBA's Final Decision approved loan forgiveness for only $15,415.61. Thus, the SBA's Final Decision effectively found that (1) CCIPG is ineligible for the amount in the received PPP Loan or (2) CCIPG used the proceeds of the PPP Loan for unauthorized uses.

29.    On April 12, 2021, CCIPG timely filed a Petition for Appeal of the SBA's Final Decision (the "Appeal") by email in the SBA's Office of Hearings and Appeals (OHA), and received a reply from OHA the same day stating that the email has been received and will be reviewed by OHA.

30.    Between March 18, 2021 and April 12, 2021, an error in the calculation of the amount of the loan spent on eligible non-payroll costs was discovered.  The difference between the calculated amount of eligible non-payroll costs reported as the Requested Loan Forgiveness Amount ($15,415.61) and the actual total eligible nonpayroll costs paid by CCIPG ($9,606.56) is the amount of health insurance paid by CCIPG for its owners in excess of the cap(s) on owner compensation.  The health insurance payments were included in a spreadsheet of all non-payroll payments made by CCIPG and were flagged for removal, but inadvertently were not removed at the time that the number was entered into the Loan Forgiveness Application. Supporting documentation for CCIPG's eligible nonpayroll costs was submitted to the SBA with CCIPG's Petition for Appeal on April 12, 2021.

31.    On April 13, 2021, an attorney with the SBA (Ms. Arlene Embrey) contacted CCIPG by email to request a discussion of the Appeal.

32.    On April 14, 2021, Ms. Embrey spoke with the undersigned regarding the SBA's position on the Appeal.  Ms. Embrey stated that, unfortunately, once a forgiveness application is submitted, it cannot be pulled back, and errors cannot be corrected.  Thus, she intends to file a motion to

Complaint for Violations of the CARES Act and the APA, Judicial Review                    Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
8

dismiss the Appeal.  However, Ms. Embrey also informed the undersigned that the SBA is working on a process for correcting such errors.

33.    On or around September 17, 2021, the undersigned attempted to access the OHA Case Portal, but was unable to do so despite registering as a user.  The OHA Case Portal indicated that a token had been sent to the undersigned's phone, but no such token or other communication from OHA or the SBA was ever received by the undersigned, even after sending a separate email to OHA to explain the situation (see Exhibit G, submitted herewith).

34.    On September 17, 2021, due to the inability to access the OHA Case Portal, the undersigned contacted Ms. Embrey regarding the status of the Appeal (see Exhibit H, submitted herewith).  Ms. Embrey replied that OHA has not issued a Notice and Order or taken this case, as OHA does not have jurisdiction to hear this matter (see Exhibit I, submitted herewith).  It only has jurisdiction to hear appeals of decisions made by SBA and not a PPP lender.  Ms. Embrey further stated that OHA can hear an appeal when the lender has denied the borrower in full, the borrower requests a review through the lender and SBA grants the review.  Alternatively, OHA has jurisdiction when SBA itself requests to manually review a loan.

35.    SBA's rules on OHA appeals in PPP loan forgiveness application denials are not consistent with Ms. Embrey's statements in the preceding paragraph.  According to 13 C.F.R. § 134.1201(b)(2), a final SBA loan review decision is appealable after SBA completes a review of a PPP loan that finds a borrower was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses.  In effect, the SBA's Final Decision found that (1) CCIPG is ineligible for the amount received in the PPP Loan and/or (2) CCIPG used the proceeds of the PPP Loan for unauthorized uses.

36.    On September 19, 2021, the undersigned sent an email to Ms.

Complaint for Violations of the CARES Act and the APA, Judicial Review
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
Case No. 1:22-at-508
9

Embrey to seek clarification as to whether there will be any further communications from OHA regarding the Appeal.

37.    On September 20, 2021, Ms. Embrey replied that she does not know whether OHA will act on the Appeal.

38.    Since that time, CCIPG has heard nothing from OHA or SBA regarding the Appeal, the PPP Loan, or the Forgiveness Application and its possible correction. In effect, the SBA, and specifically the OHA, is treating the Appeal as if it was not filed.

## FIRST CAUSE OF ACTION
### Violation of the CARES Act
### Pub. L. 116-136; 15 U.S. Code § 9008(d)(2); 15 U.S. Code §§ 636(a)(36), 636(m)

39.    The allegations of paragraphs 1-38 are incorporated herein as if fully set forth.

40.    According to the CARES Act, Administrator GUZMAN shall have no recourse against any individual shareholder, member, or partner of an eligible recipient of a covered loan for nonpayment of any covered loan, except to the extent that such shareholder, member, or partner uses the covered loan proceeds for an unauthorized purpose.  15 U.S. Code § 636(a)(36)(F)(v).  CCIPG used the loan only for those uses authorized under 15 U.S. Code § 636(a)(36)(F)(i), the difference between the PPP Loan amount ($74,600.00) and CCIPG's total costs eligible for forgiveness ($71,044.86) being spent on owner salary in excess of the cap(s).  CCIPG did not refinance the loan under 15 U.S. Code § 636(a)(36)(F)(iv).

41.    The evidence in this case will show that the total of eligible costs for which CCIPG should have been forgiven is $61,438.30 + $9,606.56 = **$71,044.86**.

Complaint for Violations of the CARES Act and the APA, Judicial Review          Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
10

42.    The SBA's Final Decision approved loan forgiveness for $15,415.61 (Exhibit F). Accordingly, additional loan forgiveness in the amount of $71,044.86 - $15,415.61 = $55,629.25 is sought.

43.    CCIPG was clearly eligible for the PPP loan amount received, and CCIPG used nearly all of the PPP loan proceeds for authorized uses.

44.     CCIPG has thus been injured by the SBA, and the SBA is thus liable to CCIPG for at least the amount of the additional loan forgiveness sought, plus pre-judgment and post-judgment interest and any applicable incidental damages.

45.    Consequently, CCIPG seeks an award of **$55,629.25**, plus pre-judgment and post-judgment interest from the time that the PPP Loan was partially forgiven until the date of payment of the award, plus any applicable incidental damages.

## SECOND CAUSE OF ACTION
### Violation of the Administrative Procedures Act
### under 5 U.S.C. § 554

46.    The allegations of paragraphs 1-45 are incorporated herein as if fully set forth.

47.    The Administrative Procedures Act (APA) requires U.S. agencies such as the SBA to timely inform persons entitled to notice of an agency hearing of the time, place, and nature of the hearing, the legal authority and jurisdiction under which the hearing is to be held, and the matters of fact and law asserted.  5 U.S.C. § 554(b).  The agency shall give all interested parties opportunity for the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit, and to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice.  5 U.S.C. § 554(c).

Complaint for Violations of the CARES Act and the APA, Judicial Review                   Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
11

Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding.  5 U.S.C. § 554(e).  Except in affirming a prior denial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.  *Ibid*.

48.   In the present case, the SBA has done none of these things required by the APA, despite receiving the Appeal over one year ago.

49.   The rules of the SBA imply that judicial review of an SBA loan review decision may be sought in a federal district court, although such review is available only after an appeal to OHA and request for review by Administrator GUZMAN of a disputed initial decision or reconsidered initial decision are exhausted.  13 C.F.R. § 134.1216.

50.   In the present case, the SBA appears to be acting as if the Appeal was never filed, thus effectively exhausting CCIPG's Appeal to OHA and request for review by Administrator GUZMAN.

51.   CCIPG was clearly eligible for the PPP loan amount received, and CCIPG used nearly all of the PPP loan proceeds for authorized uses.  However, the SBA's Final Decision approved loan forgiveness for $15,415.61, far less than the amount of loan forgiveness to which CCIPG was entitled.

52.   By effectively refusing to hear CCIPG's Appeal, CCIPG has been injured by the SBA.

53.   While the SBA is liable to CCIPG for at least the amount of the additional loan forgiveness sought plus pre-judgment and post-judgment interest and applicable incidental damages, CCIPG seeks at least an Order ordering the SBA to conduct a hearing in the Appeal, should it be necessary to do so in order to formally exhaust CCIPG's Appeal to OHA and request for review by Administrator GUZMAN.

Complaint for Violations of the CARES Act and the APA, Judicial Review                    Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## THIRD CAUSE OF ACTION
### Judicial Review of Final Agency Action
### under 5 U.S.C. § 702

54.    The allegations of paragraphs 1-53 are incorporated herein as if fully set forth.

55.    Under the Administrative Procedure Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof." 5 U.S.C. § 702.  Further, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

56.    This action seeks judicial review of the SBA's Final Decision approving loan forgiveness in the amount of $15,415.61, considerably less than the amount to which CCIPG was entitled.

57.    The SBA's Final Decision is capricious, an abuse of discretion, and otherwise not in accordance with law, and is therefore unlawful and should be set aside under 5 U.S.C. § 706(2)(A).

58.    The SBA's effective refusal to hear CCIPG's Appeal is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and is therefore unlawful and should be set aside under 5 U.S.C. § 706(2)(A).

59.    As a direct result of the SBA's Final Decision and effective refusal to hear CCIPG's Appeal, Plaintiff has suffered a legal wrong by not receiving PPP Loan forgiveness in the amount to which it is entitled.

60.    CCIPG seeks modification of the SBA's Final Decision approving loan forgiveness in the amount of $15,415.61 to the amount of $71,044.86.

61.    Moreover, CCIPG seeks payment of pre-judgment and post-judgment interest from the time that the PPP Loan was partially forgiven until the date of payment of the balance of the PPP Loan forgiveness amount, plus

Complaint for Violations of the CARES Act and the APA, Judicial Review                     Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
13

any applicable incidental damages.

**FOURTH CAUSE OF ACTION**
**Judicial Review of Final Agency Action –**
**Constructive Denial of the Appeal**

62.     The allegations of paragraphs 1-61 are incorporated herein as if fully set forth.

63.     This action seeks judicial review of the SBA's constructive denial of CCIPG's Appeal seeking additional loan forgiveness in the amount of $55,629.25.

64.     By regulation, the administrative record in an appeal on a PPP Loan Forgiveness Final Decision is due 20 calendar days after issuance of a notice and order unless additional time is requested and granted, and the record will close 45 calendar days from the date of OHA's receipt of the appeal unless additional time is requested and granted.  13 C.F.R. § 134.1206.  The SBA will issue its decision within 45 calendar days after the close of record, as practicable.  13 C.F.R. § 134.1213(a).

65.     Based on information and belief, and being thereon alleged, Administrator GUZMAN, the SBA, or delegated SBA officials typically hear an appeal on a PPP Loan Forgiveness Final Decision within 4-8 months from the filing of the appeal petition.

66.     After more than one year from CCIPG's filing of the appeal petition, the SBA has yet to take any action on it, and thus, have constructively denied CCIPG's Appeal.

67.     The SBA's constructive denial of CCIPG's Appeal, and failure to consider the facts and arguments set forth in CCIPG's appeal petition, is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and should be set aside under 5 U.S.C. § 706(2)(A).

Complaint for Violations of the CARES Act and the APA, Judicial Review                        Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
14

68.    As a direct result of the SBA's constructive denial of CCIPG's Appeal, CCIPG has suffered a legal wrong by being deprived of the opportunity to have its Appeal of the SBA's Final Decision heard, including full consideration of CCIPG's appeal petition.

69.    CCIPG seek reversal of the SBA's constructive denial of CCIPG's Appeal, and to the extent necessary, an Order requiring the SBA to issue a notice and order establishing a deadline for production of the administrative record in CCIPG's Appeal and specifying a date for the close of record.

## FIFTH CAUSE OF ACTION
### Issuance of a Writ Requiring the SBA to Issue a Decision on CCIPG's Appeal

70.    The allegations of paragraphs 1-69 are incorporated herein as if fully set forth.

71.    This action seeks judicial review of the SBA's decision not to take any action concerning CCIPG's Appeal.

72.    Pursuant to 28 U.S.C. §§ 1361 and 1651, the Court may issue a Writ of Mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

73.    Pursuant to 13 C.F.R. § 134.1202 *et seq.* and the authority for Part 134 of Chapter 13 of the Code of Federal Regulations, CCIPG has a statutory and regulatory right to file the Appeal with the SBA OHA, and Administrator GUZMAN, the SBA, or one or more delegated SBA officials (e.g., within the OHA) have a duty to issue a decision on the Appeal.

74.    Pursuant to 13 C.F.R. § 134.102(w), the OHA is responsible for deciding Appeals in SBA PPP Loan Forgiveness review decisions.

75.    The code and regulations do not provide Administrator GUZMAN, the SBA, or any delegated SBA officials the discretion to avoid their duty

Complaint for Violations of the CARES Act and the APA, Judicial Review                      Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
15

toward deciding or acting on a properly-filed Appeal.   In particular, no applicable code or regulation allows Defendants to take no action on CCIPG's properly-filed Appeal.

76.     CCIPG has no other adequate remedy to compel the Defendants to issue a decision on their Appeal.

77.     As a direct result of the SBA's failure to act on the Appeal, CCIPG has suffered a legal wrong by being deprived of the opportunity to have its Appeal of the SBA's Final Decision fully heard, including full consideration of CCIPG's appeal petition.

78.     CCIPG seeks the issuance of a writ to compel Defendants to issue a decision regarding the Appeal.

## SIXTH CAUSE OF ACTION
### Issuance of a Writ Requiring Defendants to Promulgate Rules Allowing Correction of Erroneous PPP Loan Forgiveness Applications

79.     The allegations of paragraphs 1-78 are incorporated herein as if fully set forth.

80.     This action seeks judicial review of the regulations enacting the CARES Act and PPP loan borrowers' inability to correct errors in PPP loan forgiveness applications, even those that are, on their face, clearly erroneous.

81.     Pursuant to 28 U.S.C. §§ 1361 and 1651, the Court may issue a Writ of Mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

82.     Pursuant to Pub. L. 116-136, 15 U.S.C. §§ 636(a)(36) and 636m, and 13 C.F.R. § 134.1202 *et seq.*, CCIPG and other PPP loan borrowers in similar positions have a statutory right to forgiveness of PPP loan proceeds spent for authorized uses, and Secretary YELLIN, the TREASURY, Administrator GUZMAN, the SBA, and/or one or more delegated TREASURY or SBA

Complaint for Violations of the CARES Act and the APA, Judicial Review                    Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
16

officials have a duty to promulgate rules enabling forgiveness of PPP loan proceeds spent for authorized uses.

83.    At least one other PPP loan borrower is similarly affected by the SBA's lack of rules or process allowing correction of typographical and other readily-apparent errors in their loan forgiveness application.  See Exhibit J, submitted herewith.

84.    The code and regulations do not provide Secretary YELLIN, the TREASURY, Administrator GUZMAN, the SBA, or any delegated TREASURY or SBA officials the discretion to avoid their duty toward forgiving PPP loans in amounts for which borrowers spent PPP loan proceeds for authorized uses.

85.    CCIPG and other PPP loan borrowers in similar positions have no other adequate remedy to compel Defendants to comply with this duty.

86.    As a direct result of the failure of Secretary YELLIN, the TREASURY, Administrator GUZMAN, the SBA, and delegated SBA and TREASURY officials to promulgate rules fully complying with this duty, CCIPG and other PPP loan borrowers in similar positions have suffered a legal wrong by being deprived of the full PPP loan forgiveness to which they are entitle.

87.    CCIPG seeks an order instructing the SBA and/or the TREASURY to consider the harm caused by the SBA's rules and interpretations thereof to CCIPG and similar PPP Loan borrowers who make readily-apparent and/or other errors in their loan forgiveness applications and adjust their rules and practices accordingly, to enable the purposes of the CARES Act to be realized for all such borrowers who spend the PPP loan proceeds for authorized uses, but who are denied forgiveness in the amount to which they are entitled due to a simple error on the loan forgiveness form.

**Complaint for Violations of the CARES Act and the APA, Judicial Review**          **Case No. 1:22-at-508**
**of Final Agency Action, and Writs Requiring a Decision on Appeal and/or**
**Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications**
17

88.    CCIPG seeks the issuance of a writ to compel Defendants to promulgate regulations enabling correction of erroneous PPP Loan Forgiveness Applications, and at the very least correction of clearly erroneous PPP Loan Forgiveness Applications.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for the following relief from this Court:

a)    An adjudication that the SBA erred in its Final Decision;

b)    An accounting of all damages sustained by CCIPG as a result of the SBA's wrongful acts;

c)    An award to of actual damages adequate to compensate CCIPG for the SBA's error and/or wrongful acts, including an award in the amount of $55,629.25, together with pre-judgment and post-judgment interest and applicable incidental damages;

d)    An adjudication that SBA failed to conduct an Appeal as required;

e)    In the event that the Court does not adjudicate that SBA erred in its Final Decision, an order or writ instructing the SBA to conduct the Appeal;

f)    In the event that the Court adjudicates that the SBA erred in its Final Decision, an order or writ requiring the TREASURY or the SBA to promulgate rules allowing correction of erroneous PPP loan forgiveness applications (or at least of clearly erroneous PPP loan forgiveness applications);

g)    An award of attorneys' fees and costs; and

h)    Awards of such other and further relief as this Court may deem just and proper.

Complaint for Violations of the CARES Act and the APA, Judicial Review          Case No. 1:22-at-508
of Final Agency Action, and Writs Requiring a Decision on Appeal and/or
Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications
18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date: __July 5, 2022_____

Respectfully Submitted,
CENTRAL CALIFORNIA IP
GROUP, P.C.


By: _/s/ Andrew D. Fortney_____
        ANDREW D. FORTNEY
Attorney for Plaintiff
CENTRAL CALIFORNIA IP
GROUP, P.C.

**Complaint for Violations of the CARES Act and the APA, Judicial Review**            **Case No. 1:22-at-508**
**of Final Agency Action, and Writs Requiring a Decision on Appeal and/or**
**Promulgation of Rules Allowing Correction of PPP Loan Forgiveness Applications**
19