# EXHIBIT A

the States, or on the distribution of power and responsibilities among the various layers of government. Therefore, SBA has determined that this rule has no federalism implications warranting preparation of a federalism assessment.

Paperwork Reduction Act, 44 U.S.C. Chapter 35

SBA has determined that this rule will not impose new or modify existing recordkeeping or reporting requirements under the Paperwork Reduction Act.

Regulatory Flexibility Act (RFA)

The Regulatory Flexibility Act (RFA) generally requires that when an agency issues a proposed rule, or a final rule pursuant to Section 553(b) of the APA or another law, the agency must prepare a regulatory flexibility analysis that meets the requirements of the RFA and publish such analysis in the **Federal Register**. 5 U.S.C. 603, 604. Specifically, the RFA normally requires agencies to describe the impact of a rulemaking on small entities by providing a regulatory impact analysis. Such analysis must address the consideration of regulatory options that would lessen the economic effect of the rule on small entities. The RFA defines a ''small entity'' as (1) a proprietary firm meeting the size standards of the Small Business Administration (SBA); (2) a nonprofit organization that is not dominant in its field; or (3) a small government jurisdiction with a population of less than 50,000. 5 U.S.C. 601(3)–(6). Except for such small government jurisdictions, neither State nor local governments are ''small entities.'' Similarly, for purposes of the RFA, individual persons are not small entities.

The requirement to conduct a regulatory impact analysis does not apply if the head of the agency ''certifies that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities.'' 5 U.S.C. 605(b). The agency must, however, publish the certification in the **Federal Register** at the time of publication of the rule, ''along with a statement providing the factual basis for such certification.'' If the agency head has not waived the requirements for a regulatory flexibility analysis in accordance with the RFA's waiver provision, and no other RFA exception applies, the agency must prepare the regulatory flexibility analysis and publish it in the **Federal Register** at the time of promulgation or, if the rule is promulgated in response to an emergency that makes timely compliance impracticable, within 180 days of publication of the final rule. 5 U.S.C. 604(a), 608(b).

Rules that are exempt from notice and comment are also exempt from the RFA requirements, including conducting a regulatory flexibility analysis, when among other things the agency for good cause finds that notice and public procedure are impracticable, unnecessary, or contrary to the public interest. SBA Office of Advocacy guide: *How to Comply with the Regulatory Flexibility Act, Ch.1. p.9.* Accordingly, SBA is not required to conduct a regulatory flexibility analysis.

**Jovita Carranza,**
*Administrator.*
[FR Doc. 2020–18940 Filed 8–25–20; 1:00 pm]
**BILLING CODE P**

---

**SMALL BUSINESS ADMINISTRATION**

**13 CFR Part 134**

**[Docket Number SBA–2020–0042]**

**RIN 3245–AH55**

**Appeals of SBA Loan Review Decisions Under the Paycheck Protection Program**

**AGENCY:** U.S. Small Business Administration.
**ACTION:** Interim final rule.

**SUMMARY:** On April 2, 2020, the U.S. Small Business Administration (SBA) posted on its website an interim final rule relating to the implementation of sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act or the Act) (published in the **Federal Register** on April 15, 2020). Section 1102 of the Act temporarily adds a new product, titled the ''Paycheck Protection Program,'' to the U.S. Small Business Administration's (SBA's) 7(a) Loan Program. Subsequently, SBA issued a number of interim final rules implementing the Paycheck Protection Program (PPP). This interim final rule supplements the interim final rule on Loan Review Procedures and Related Borrower and Lender Responsibilities posted on SBA's website on May 22, 2020 (published on June 1, 2020, in the **Federal Register**), as revised by the interim final rule posted on SBA's website on June 22, 2020, in order to inform PPP borrowers and lenders of the process for a PPP borrower to appeal certain SBA loan review decisions under the PPP to the SBA Office of Hearings and Appeals, and requests public comment.

**DATES:**
*Effective date:* This rule is effective August 25, 2020.

*Applicability date:* This interim final rule applies to certain loan review decisions made by SBA under the Paycheck Protection Program.

*Comment date:* Comments must be received on or before September 28, 2020.

**ADDRESSES:** You may submit comments, identified by number SBA–2020–0042 through the Federal eRulemaking Portal: *http://www.regulations.gov.* Follow the instructions for submitting comments. SBA will post all comments on *www.regulations.gov.* If you wish to submit confidential business information (CBI) as defined in the User Notice at *www.regulations.gov,* please send an email to *ppp-ifr@sba.gov.* Highlight the information that you consider to be CBI and explain why you believe SBA should hold this information as confidential. SBA will review the information and make the final determination whether it will publish the information.

**FOR FURTHER INFORMATION CONTACT:** A Call Center Representative at 833–572–0502, or the local SBA Field Office; the list of offices can be found at *https://www.sba.gov/tools/localassistance/districtoffices.*

**SUPPLEMENTARY INFORMATION:**

**I. Background Information**

On March 13, 2020, President Trump declared the ongoing Coronavirus Disease 2019 (COVID–19) pandemic of sufficient severity and magnitude to warrant an emergency declaration for all States, territories, and the District of Columbia. With the COVID–19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, tribal, and local public health measures that have been taken to minimize the public's exposure to the virus. These measures, some of which are government-mandated, have been implemented nationwide and include the closures of restaurants, bars, and gyms. In addition, based on the advice of public health officials, other measures, such as keeping a safe distance from others or even stay-at-home orders, are being implemented, resulting in a dramatic decrease in economic activity as the public avoids malls, retail stores, and other businesses.

On March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Pub. L. 116–136) to provide emergency assistance and health care response for individuals, families, and businesses affected by the coronavirus pandemic. The Small Business Administration

(SBA) received funding and authority through the CARES Act to modify existing loan programs and establish a new loan program to assist small businesses nationwide adversely impacted by the COVID–19 emergency. Section 1102 of the CARES Act temporarily permits SBA to guarantee 100 percent of 7(a) loans under a new program titled the ''Paycheck Protection Program'' (PPP). Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

On April 2, 2020, SBA posted its first PPP interim final rule (85 FR 20811) (the First Interim Final Rule). Subsequently, SBA issued a number of other interim final rules implementing the PPP. On April 24, 2020, the President signed the Paycheck Protection Program and Health Care Enhancement Act (Pub. L. 116–139), which provided additional funding and authority for the PPP.

On May 22, 2020, SBA and Treasury posted an interim final rule on Loan Review Procedures and Related Borrower and Lender Responsibilities (85 FR 33010) (Loan Review Interim Final Rule (IFR)). The rule stated that SBA would be issuing a separate interim final rule addressing the process for appealing certain SBA loan review decisions under the PPP. On June 5, 2020, the Paycheck Protection Program Flexibility Act of 2020 (Pub. L. 116–142) (Flexibility Act) was signed into law, amending the CARES Act. On June 22, 2020, SBA and Treasury posted an interim final rule that in part revised the Loan Review IFR to incorporate the relevant Flexibility Act amendments, address revisions to the Loan Forgiveness Application (SBA Form 3508), and include a new alternative Loan Forgiveness Application (SBA Form 3508EZ). On July 4, 2020, Public Law 116–147 was enacted, extending the authority for SBA to guarantee PPP loans to August 8, 2020.

As described below, this interim final rule informs PPP borrowers and lenders of the process for a PPP borrower to appeal certain SBA loan review decisions under the PPP to the SBA Office of Hearings and Appeals (OHA) by establishing a new subpart L for 13 CFR part 134, and requests public comment.

## II. Comments and Immediate Effective Date

The intent of the CARES Act is that SBA provide relief to America's small businesses expeditiously. This intent, along with the dramatic decrease in economic activity nationwide, provides good cause for SBA to dispense with the 30-day delayed effective date provided in the Administrative Procedure Act. Specifically, it is critical to meet lenders' and borrowers' need for clarity concerning the OHA appeal process as rapidly as possible because SBA can review a PPP loan and make determinations as to a borrower's eligibility at any time. This interim final rule supplements the previous regulation on the discrete issues related to SBA's process for reviewing a borrower's eligibility for a PPP loan, the PPP loan amount received, the use of the PPP loan proceeds and/or the PPP loan forgiveness amount claimed by the borrower.

This interim final rule is effective without advance notice and public comment because section 1114 of the CARES Act authorizes SBA to issue regulations to implement title I of the CARES Act without regard to notice requirements. In addition, SBA has determined that there is good cause for dispensing with advance public notice and comment on the ground that it would be contrary to the public interest. Specifically, SBA has determined that advance notice and public comment would delay the ability of PPP borrowers to understand with certainty the process for appealing certain SBA loan review decisions under the PPP. This rule is being issued to allow for immediate implementation of the OHA appeal feature of this program. Although this interim final rule is effective immediately, comments are solicited from interested members of the public on all aspects of this interim final rule, including section III below. These comments must be submitted on or before September 28, 2020. SBA will consider these comments and the need for making any revisions as a result of these comments.

## III. Subpart L—Rules of Practice for Appeals of Certain SBA Loan Review Decisions Under the Paycheck Protection Program

This interim final rule establishes a new subpart L for 13 CFR part 134, establishing rules of practice for appeals of certain SBA loan review decisions under the Paycheck Protection Program (PPP).

Section 134.1201, Scope of rules in this subpart L, provides a process for appeal to OHA of certain SBA loan review decisions under the PPP and any other PPP matter referred to OHA by the Administrator. This subpart defines the term SBA loan review decision as an official written decision by SBA, after SBA completes a review of a PPP loan, that finds a borrower (1) was ineligible for a PPP loan; (2) was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses; (3) is ineligible for PPP loan forgiveness in the amount determined by the lender in its full or partial approval decision issued to SBA (except for the deduction of any Economic Injury Disaster Loan advance in accordance with section 1110(e)(6) of the CARES Act); and/or (4) is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

For a PPP loan of any size, SBA may undertake a loan review at any time in SBA's discretion, and this subpart L applies to loan review decisions made by SBA after SBA completes a review of a PPP loan as set forth in Part III.1 and Part III.2c. of the Loan Review IFR, as amended. Only final SBA loan review decisions (as defined in this rule) can be appealed to OHA; a PPP borrower cannot file an OHA appeal of any decision made by a lender concerning a PPP loan. A PPP borrower can request an SBA review of a lender decision to deny the borrower's loan forgiveness application in full, in accordance with Part III.2.b. of the Loan Review IFR, as amended, but that request is for a review by SBA, not an OHA appeal. A borrower may exercise any other rights it has under applicable law against a PPP lender regarding a lender decision.

In addition, this section sets forth other types of decisions and determinations that are not covered by this subpart L, and makes clear that subpart C of this part, Rules of Practice for Appeals From Size Determinations and NAICS Code Designations, is not applicable to appeals from SBA loan review decisions. Lastly, this section sets forth the specific provisions from subpart B of this part, OHA's general Rules of Practice, that are applicable to this subpart L. Other provisions from subpart B of this part do not apply to this subpart L. Because a PPP borrower must begin making payments of principal and interest on the remaining balance of its PPP loan at the end of the loan payment deferral period or when SBA remits the loan forgiveness amount to the PPP lender (or notifies the lender that no loan forgiveness is allowed), an appeal by a PPP borrower of any SBA loan review decision does not extend the deferral period of the PPP loan. Additionally, if SBA remits to the lender the PPP loan forgiveness amount set forth in the decision issued by the lender to SBA (except for the deduction of any Economic Injury Disaster Loan advance), the borrower may not file an appeal with OHA, and the borrower

must begin repayment of any remaining balance of its PPP loan.

Section 134.1202, The appeal petition, provides that an appeal petition must include the following information: (1) The basis for OHA's jurisdiction, including, but not limited to, evidence that the appeal is timely filed in accordance with § 134.1204; (2) A copy of the SBA loan review decision that is being appealed, or a description of that decision if a copy is unavailable; (3) A full and specific statement as to why the SBA loan review decision is alleged to be erroneous, together with all factual information and legal arguments supporting the allegations; (4) The relief being sought; (5) Signed copies of payroll tax filings actually reported to the Internal Revenue Service (IRS), and State quarterly business and individual employee wage reporting and unemployment insurance tax filings actually reported to the relevant state, for the relevant periods of time, if not provided with the PPP Loan Forgiveness Application (SBA Form 3508, SBA Form 3508EZ, or lender's equivalent), or an explanation as to why they are not relevant or not available; (6) Signed copies of applicable federal tax returns actually filed with the IRS with appropriate schedules (*e.g.,* IRS Form 1040 with Schedule C/F) documenting income for self-employed individuals or partners in a partnership, if not provided with the PPP Borrower Application Form (SBA Form 2483 or lender's equivalent), or an explanation as to why they are not relevant or not available; and (7) The name, address, telephone number, email address and signature of the appellant or its attorney. This provision is consistent with OHA's general rules of practice in subpart B, with the addition of the requirement for submission of certain financial information. SBA has determined that submission by the appellant of financial information, or an explanation as to why they are not relevant or not available, is appropriate to support SBA's efforts to assess compliance with the PPP requirements set forth in the statute, rules, and guidance. The appellant must serve a copy of the appeal petition with attachments on the Associate General Counsel for Litigation, U.S. Small Business Administration, 409 Third Street SW, Washington, DC 20416, *OLITService@sba.gov.* The appellant must attach to the appeal petition a signed certificate of service meeting the requirements of § 134.204(d). This section further provides that an appeal petition which does not include the above may be dismissed by the Judge and permits SBA to move for a motion for more definite statement or otherwise comply with the requirements of this section.

Section 134.1203, Standing, provides that only the borrower on a loan for which SBA has issued a final SBA loan review decision has standing to appeal the SBA loan review decision to OHA. Individual owners of a borrower and lenders do not have standing to appeal an SBA loan review decision.

Section 134.1204, Deadline for filing appeal petition, prescribes that an appeal petition must be filed within 30 calendar days after (i) the appellant's receipt of the final SBA loan review decision, or (ii) notification by the lender of the final SBA loan review decision, whichever is earlier.

Section 134.1205, Dismissal, provides that the Judge must dismiss the appeal if: (1) The appeal is beyond OHA's jurisdiction as set forth under § 134.1201; (2) the appellant lacks standing to appeal under § 134.1203; or (3) the appeal is untimely under § 134.1204, or is premature because SBA has not yet made a final SBA loan review decision. This section also provides that the Judge may dismiss the appeal if, among other things, the appeal does not, on its face, allege specific facts that if proven to be true, warrant reversal or remand of the SBA loan review decision.

Section 134.1206, Notice and order, provides that upon receipt of an appeal challenging a final SBA loan review decision, OHA will assign the matter to either an Administrative Law Judge or an Administrative Judge in accordance with § 134.218. Unless the appeal will be dismissed under § 134.1205, the Judge will issue a notice and order establishing a deadline for production of the administrative record and specifying a date for the close of record. Typically, the administrative record will be due 20 calendar days after issuance of the notice and order unless additional time is requested and granted, and the record will close 45 calendar days from the date of OHA's receipt of the appeal unless additional time is requested and granted. With this timeframe, SBA seeks to provide a timely and judicious processing of the appeal petition, while also affording additional time if, for example, the volume of appeals or other matters require additional time for compilation of the administrative record and the close of record.

Section 134.1207, The administrative record, requires that the administrative record shall include relevant documents that SBA considered in making its final decision or that were before SBA at the time of the final decision. The administrative record need not, however, contain all documents pertaining to the appellant. In addition, SBA may claim privilege as to certain materials. The administrative record must be certified and authenticated that it is, to the best of the signatory's knowledge, complete and correct. SBA will file the administrative record with OHA and serve it on appellant. This section permits the appellant to object to the absence of any document from the administrative record that the appellant believes should have been included in the administrative record. An appellant also may object to any claim that documents in the administrative record are privileged. Such objections must be filed with OHA and served on SBA no later than 10 calendar days after appellant's receipt of the administrative record. The Judge will rule upon such objections and may direct or permit that the administrative record be supplemented.

Section 134.1208, Response to an appeal petition, prescribes that only SBA may respond to an appeal and the response should set forth the relevant facts and legal arguments to the issues presented on appeal. Except for good cause shown, a response filed after the close of record established by the Judge will not be considered. SBA must file its response with OHA, and serve a copy of the response upon the appellant and upon each of the persons identified in the certificate of service attached to the appellant's appeal petition. No reply to a response will be permitted unless the Judge directs otherwise.

Section 134.1209, Evidence beyond the record, discovery and oral hearings, provides that, generally, the Judge may not admit evidence beyond the written administrative record or permit any form of discovery. Discovery will be permitted in OHA's appellate proceedings only if the Judge determines that SBA, upon written submission, has made a showing of good cause for discovery. An oral hearing will not be held on an appeal of an SBA loan review decision, unless, following the motion of a party, or at the Judge's own initiative, the Judge orders an oral hearing upon concluding that there is a genuine dispute of material fact that cannot be resolved except by the taking of testimony and the confrontation of witnesses. SBA has determined that allowing an oral hearing under limited circumstances, and allowing discovery by SBA, only upon a showing of good cause, balances SBA's potential need for discovery since it may not have all relevant documents from appellant with the efficient use of limited resources available. If an oral hearing is ordered, the proceeding shall

be conducted in accordance with §§ 134.214 and 134.222 in subpart B of this part as the Judge deems appropriate. All appeals under this subpart L will be decided solely on a review of the written administrative record, the appeal petition, response(s) filed thereto, any admitted evidence, and an oral hearing, if held.

Section 134.1210, Interlocutory appeals, provides that either party may file an interlocutory appeal of a Judge's ruling which decides an issue of privilege. Interlocutory appeals will be decided by the Administrator or a designee. An interlocutory appeal must be filed and served no later than 20 calendar days after issuance of the ruling to which the interlocutory appeal applies. A response to the interlocutory appeal must be filed 10 calendar days after the interlocutory appeal is served. The Judge may stay the proceedings before OHA, in whole or in part, as he or she deems appropriate pending resolution of the interlocutory appeal.

Section 134.1211, Alternative dispute resolution, provides that at any time during the pendency of an appeal, the parties may submit a joint motion requesting that the Judge permit the use of alternative dispute resolution to assist in resolving the matter. If the motion is granted, the Judge will also stay the proceedings before OHA, in whole or in part, as he or she deems appropriate, pending the outcome of the alternative dispute resolution. In addition, the Assistant Administrator for Hearings and Appeals (AA/OHA) or a Judge may designate another Judge or attorney assigned to OHA to serve as a neutral in alternative dispute resolution procedures. If OHA provides the neutral and the mediation fails to resolve all issues in the case, the OHA-provided neutral will not be involved in the adjudication.

Section 134.1212, Standard of review, provides that the standard of review is whether the SBA loan review decision was based on clear error of fact or law. The appellant has the burden of proof, by a preponderance of the evidence.

Section 134.1213, Decision on appeal, provides that the Judge will issue his or her decision within 45 calendar days after the close of record, as practicable. The decision will contain findings of fact and conclusions of law, the reasons for such findings and conclusions, and any relief ordered. The decision will be served on each party. The Judge's decision on the appeal is an initial decision. However, unless a request for review is filed pursuant to § 134.228(a), or a request for reconsideration is filed pursuant to paragraph (c) of § 134.1213, an initial decision shall become the final decision of SBA 30 calendar days after its service. This section allows for a request for reconsideration pursuant to paragraph (c) of § 134.1213 by either party or by the Judge on his or her own initiative. This section also provides for the right to request review by the Administrator pursuant to § 134.228(a), in which case the provisions in § 134.228 will apply. If a request for review pursuant to § 134.228(a) is filed, the decision of the Administrator is a final decision of SBA appealable to federal district court. In order for a borrower to exhaust its administrative remedies and preserve its right to seek judicial review of an SBA final decision in a federal district court, a borrower that disputes the initial decision or reconsidered initial decision must file and serve a request for review of an initial decision or reconsidered initial decision by the Administrator pursuant to § 134.228(a). If the borrower does not request review by the Administrator pursuant to § 134.228(a), the borrower's right to seek review in federal court is waived due to the borrower's failure to exhaust administrative remedies. This section also provides that the final OHA decision creates precedent only for appeals involving the PPP. Any OHA decision pursuant to this subpart L applies only to the PPP and does not apply to SBA's 7(a) Loan Program generally or to any interpretation or application of the regulations in part 120 or part 121 of this title. SBA has determined that this is appropriate because the PPP is governed by the CARES Act, which adds a new temporary program to SBA's 7(a) Loan Program, but does not apply to SBA's 7(a) Loan Program generally. Lastly, this section provides that, consistent with the general OHA rules of practice in subpart B of part 134, OHA decisions are normally published without redactions on OHA's website. A decision may contain confidential business and financial information or personally identifiable information where that information is either decisionally-significant or otherwise necessary for a comprehensible decision. Where no protective order is in place, a party may request a redacted public decision by contacting OHA. Where a protective order is in place, the Judge will usually issue the unredacted decision under the protective order and a redacted version for public release.

Section 134.1214, Effects of the decision, provides that OHA may affirm, reverse, or remand an SBA loan review decision. If remanded, OHA no longer has jurisdiction over the matter unless a new appeal is filed as a result of a new SBA loan review decision.

Section 134.1215, Equal Access to Justice Act (EAJA), provides that a prevailing appellant is not entitled to recover attorney's fees. Appeals to OHA from SBA loan review decisions under the PPP are not proceedings that are required to be conducted by an Administrative Law Judge under § 134.603.

Section 134.1216, Exhaustion of administrative remedies, provides that an appeal to OHA and request for review by the Administrator of a disputed initial decision or reconsidered initial decision are administrative remedies that must be exhausted before judicial review of an SBA loan review decision may be sought in a federal district court.

Section 134.1217, Confidential information and protective order, provides that if a filing or other submission made pursuant to an appeal in this subpart L contains confidential business and financial information; personally identifiable information; source selection sensitive information; income tax returns; documents and information covered under § 120.1060 of this title; or any other exempt information, that information is not available to the public pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552. This provision is consistent with the general rule of practice in subpart B of this part. In addition, this section permits SBA or appellant to seek a protective order over any document or information filed pursuant to an appeal in this subpart L, including any document or information exchanged in discovery if permitted in accordance with § 134.1209.

*Compliance With Executive Orders 12866, 12988, 13132, 13563, and 13771, the Paperwork Reduction Act (44 U.S.C. Ch. 35), and the Regulatory Flexibility Act (5 U.S.C. 601–612)*

*Executive Orders 12866, 13563, and 13771*

This interim final rule is economically significant for the purposes of Executive Orders 12866 and 13563, and is considered a major rule under the Congressional Review Act. SBA, however, is proceeding under the emergency provision at Executive Order 12866 Section 6(a)(3)(D) based on the need to move expeditiously to mitigate the current economic conditions arising from the COVID–19 emergency. This rule's designation under Executive Order 13771 will be informed by public comment.

*Executive Order 12988*

SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive or retroactive effect.

*Executive Order 13132*

SBA has determined that this rule will not have substantial direct effects on the States, on the relationship between the National Government and the States, or on the distribution of power and responsibilities among the various layers of government. Therefore, SBA has determined that this rule has no federalism implications warranting preparation of a federalism assessment.

*Paperwork Reduction Act, 44 U.S.C. Chapter 35*

SBA has determined that this interim final rule does not impose additional reporting or recordkeeping requirements under the Paperwork Reduction Act.

*Regulatory Flexibility Act (RFA)*

The Regulatory Flexibility Act generally requires that when an agency issues a proposed rule, or a final rule pursuant to section 553(b) of the APA or another law, the agency must prepare a regulatory flexibility analysis that meets the requirements of the RFA and publish such analysis in the **Federal Register**. 5 U.S.C. 603, 604. Specifically, the RFA normally requires agencies to describe the impact of a rulemaking on small entities by providing a regulatory impact analysis. Such analysis must address the consideration of regulatory options that would lessen the economic effect of the rule on small entities. The RFA defines a ''small entity'' as (1) a proprietary firm meeting the size standards of the Small Business Administration (SBA); (2) a nonprofit organization that is not dominant in its field; or (3) a small government jurisdiction with a population of less than 50,000. 5 U.S.C. 601(3)–(6). Except for such small government jurisdictions, neither State nor local governments are ''small entities.'' Similarly, for purposes of the RFA, individual persons are not small entities. The requirement to conduct a regulatory impact analysis does not apply if the head of the agency ''certifies that the rule will not, if promulgated, have a significant economic impact on a substantial number of small entities.'' 5 U.S.C. 605(b). The agency must, however, publish the certification in the **Federal Register** at the time of publication of the rule, ''along with a statement providing the factual basis for such certification.''

If the agency head has not waived the requirements for a regulatory flexibility analysis in accordance with the RFA's waiver provision, and no other RFA exception applies, the agency must prepare the regulatory flexibility analysis and publish it in the **Federal Register** at the time of promulgation or, if the rule is promulgated in response to an emergency that makes timely compliance impracticable, within 180 days of publication of the final rule. 5 U.S.C. 604(a), 608(b). Rules that are exempt from notice and comment are also exempt from the RFA requirements, including conducting a regulatory flexibility analysis, when among other things the agency for good cause finds that notice and public procedure are impracticable, unnecessary, or contrary to the public interest. SBA Office of Advocacy guide: How to Comply with the Regulatory Flexibility Act, Ch.1. p.9. Accordingly, SBA is not required to conduct a regulatory flexibility analysis.

## List of Subjects in 13 CFR Part 134

Administrative practice and procedure, Claims, Equal access to justice, Lawyers, Organization and function (Government agencies).

For the reasons stated in the preamble, the Small Business Administration amends 13 CFR part 134 as set forth below:

## PART 134—RULES OF PROCEDURE GOVERNING CASES BEFORE THE OFFICE OF HEARINGS AND APPEALS

■ 1. The authority citation for part 134 is revised to read as follows:

**Authority:** 5 U.S.C. 504; 15 U.S.C. 632, 634(b)(6), 634(i), 637(a), 648(l), 656(i), 657t and 687(c); 38 U.S.C. 8127(f); E.O. 12549, 51 FR 6370, 3 CFR, 1986 Comp., p. 189.

Subpart J issued under 38 U.S.C. 8127(f)(8)(B).

Subpart K issued under 38 U.S.C. 8127(f)(8)(A).

Subpart L issued under 15 U.S.C. 636(a)(36); Pub. L. 116–136; Pub. L. 116–139; 116–142; 116–147.

■ 2. Amend § 134.102 by:
■ a. Removing the word ''and'' at the end of paragraph (u);
■ b. Removing the period at the end of paragraph (v) and adding ''; and'' in its place; and
■ c. Adding paragraph (w) to read as follows:

### § 134.102   Jurisdiction of OHA.

\* \* \* \* \*

(w) Appeals of certain SBA loan review decisions as defined in 13 CFR 134.1201.

■ 3. Add subpart L to read as follows:

## Subpart L—Rules of Practice for Appeals of Certain SBA Loan Review Decisions Under the Paycheck Protection Program

Sec.
134.1201   Scope of rules in this subpart L.
134.1202   The appeal petition.
134.1203   Standing.
134.1204   Deadline for filing appeal petition.
134.1205   Dismissal.
134.1206   Notice and order.
134.1207   The administrative record.
134.1208   Response to an appeal petition.
134.1209   Evidence beyond the record, discovery and oral hearings.
134.1210   Interlocutory appeals.
134.1211   Alternative dispute resolution procedures.
134.1212   Standard of review.
134.1213   Decision on appeal.
134.1214   Effects of the decision.
134.1215   Equal Access to Justice Act (EAJA).
134.1216   Exhaustion of administrative remedies.
134.1217   Confidential information and protective order.

**Authority:** 15 U.S.C. 636(a)(36); Pub. L. 116–136; Pub. L. 116–139; Pub. L. 116–142; Pub. L. 116–147

### § 134.1201   Scope of the rules in this subpart L.

(a) The rules of practice in this subpart L apply to appeals to OHA from certain SBA loan review decisions under the Paycheck Protection Program (PPP) as described in paragraph (b) of this section, and to any other PPP matter referred to OHA by the Administrator of SBA. The PPP was established as a temporary program under section 1102 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (Pub. L. 116–136).

(b) A final SBA loan review decision that is appealable under this subpart L is an official written decision by SBA, after SBA completes a review of a PPP loan, that finds a borrower:

(1) Was ineligible for a PPP loan;

(2) Was ineligible for the PPP loan amount received or used the PPP loan proceeds for unauthorized uses;

(3) Is ineligible for PPP loan forgiveness in the amount determined by the lender in its full approval or partial approval decision issued to SBA (except for the deduction of any Economic Injury Disaster Loan advance in accordance with section 1110(e)(6) of the CARES Act); and/or

(4) Is ineligible for PPP loan forgiveness in any amount when the lender has issued a full denial decision to SBA.

(c) A borrower cannot file an OHA appeal of any decision made by a lender concerning a PPP loan.

(d) Any determination by SBA's Office of Inspector General concerning a PPP loan is not appealable to OHA.

(e) This subpart L does not create any right to appeal any SBA decision on any 7(a) loans other than PPP loans.

(f) The Rules of Practice for Appeals From Size Determinations and NAICS Code Designations in subpart C of this part do not apply to appeals of SBA loan review decisions or to the PPP.

(g) In addition to the subpart B of this part provisions specifically referenced in this subpart L, the following regulations from subpart B of this part also apply to this subpart L: 13 CFR 134.207 through 134.209, 134.211, 134.212, and 134.217 through 134.221.

### § 134.1202  The appeal petition.

(a) *Contents.* The appeal petition must include the following information:

(1) The basis for OHA's jurisdiction, including, but not limited to, evidence that the appeal is timely filed in accordance with § 134.1204;

(2) A copy of the SBA loan review decision that is being appealed, or a description of that decision if a copy is unavailable;

(3) A full and specific statement as to why the SBA loan review decision is alleged to be erroneous, together with all factual information and legal arguments supporting the allegations;

(4) The relief being sought;

(5) Signed copies of payroll tax filings actually filed with the Internal Revenue Service (IRS), and State quarterly business and individual employee wage reporting and unemployment insurance tax filings actually reported to the relevant state, for the relevant periods of time, if not provided with the PPP Loan Forgiveness Application (SBA Form 3508, SBA Form 3508EZ, or lender's equivalent), or an explanation as to why they are not relevant or not available;

(6) Signed copies of applicable federal tax returns actually filed with the IRS with appropriate schedules (*e.g.,* IRS Form 1040 with Schedule C/F) documenting income for self-employed individuals or partners in a partnership, if not provided with the PPP Borrower Application Form (SBA Form 2483 or lender's equivalent), or an explanation as to why they are not relevant or not available; and

(7) The name, address, telephone number, email address and signature of the appellant or its attorney.

(b) *Format.* The maximum length of an appeal petition (not including attachments) is 20 pages, unless leave is sought by the appellant and granted by the Judge. A table of authorities is required only for petitions citing more than twenty cases, regulations, or statutes.

(c) *Service of the appeal petition.* In addition to filing an appeal with OHA in accordance with § 134.204(b), the appellant must serve a copy of the appeal petition with attachments on the Associate General Counsel for Litigation, U.S. Small Business Administration, 409 Third Street SW, Washington, DC 20416, *OLITService@sba.gov.*

(d) *Certificate of service.* The appellant must attach to the appeal petition a signed certificate of service meeting the requirements of § 134.204(d).

(e) *Dismissal.* An appeal petition which does not contain all of the information required by paragraphs (a) through (d) of this section may be dismissed, with or without prejudice, at the Judge's own initiative, or upon motion of SBA.

(f) *Motion for more definite statement.* SBA may, not later than five days after receiving an appeal petition, move for an order to the appellant to provide a more definite appeal petition or otherwise comply with this section. A Judge may order a more definite appeal petition on his or her own initiative.

(1) A motion for a more definite appeal petition stays SBA's time for filing a response. The Judge will establish the time for filing and serving a response and will extend the close of the record as appropriate.

(2) If the appellant does not comply with the Judge's order to provide a more definite appeal petition or otherwise fails to comply with applicable regulations, the Judge may dismiss the petition with prejudice.

(g) *Calculation of a deadline when the time period is given in days.* Do not count the day the time period begins, but do count the last day of the time period. If the last day is Saturday, Sunday, or a Federal holiday, the time period ends on the next business day.

### § 134.1203  Standing.

Only the borrower on a loan for which SBA has issued a final SBA loan review decision has standing to appeal the SBA loan review decision to OHA.

### § 134.1204  Deadline for filing appeal petition.

An appeal petition must be filed with OHA within 30 calendar days after the appellant's receipt of the final SBA loan review decision, or notification by the lender of the final SBA loan review decision, whichever is earlier.

### § 134.1205  Dismissal.

(a) The Judge must dismiss the appeal if:

(1) The appeal is beyond OHA's jurisdiction as set forth under § 134.1201;

(2) The appellant lacks standing to appeal under § 134.1203; or

(3) The appeal is untimely under § 134.1204, or is premature because SBA has not yet made a final SBA loan review decision.

(b) The Judge may dismiss the appeal in accordance with § 134.1202(e) or (f)(2), or if the appeal does not, on its face, allege specific facts that if proven to be true, warrant reversal or remand of the SBA loan review decision.

### § 134.1206  Notice and order.

Upon receipt of an appeal challenging a final SBA loan review decision, OHA will assign the matter to either an Administrative Law Judge or an Administrative Judge in accordance with § 134.218. Unless the appeal is dismissed under § 134.1205, the Judge will issue a notice and order establishing a deadline for production of the administrative record and specifying a date for the close of record. The notice and order will be served upon all known parties (or their attorneys). Typically, the administrative record will be due 20 calendar days after issuance of the notice and order unless additional time is requested and granted, and the record will close 45 calendar days from the date of OHA's receipt of the appeal unless additional time is requested and granted.

### § 134.1207  The administrative record.

(a) *Contents.* The administrative record shall include relevant documents that SBA considered in making its final decision or that were before SBA at the time of the final decision. The administrative record need not, however, contain all documents pertaining to the appellant. In addition, SBA may claim privilege as to certain materials. The administrative record must be certified and authenticated that it is, to the best of the signatory's knowledge, complete and correct.

(b) *Filing.* SBA will file the administrative record with OHA and serve it on appellant.

(c) *Objection.* The appellant may object to the absence of any document from the administrative record that the appellant believes should have been included in the administrative record. An appellant also may object to any claim that documents in the administrative record are privileged. Such objections must be filed with OHA and served on SBA no later than 10 calendar days after the appellant's receipt of the administrative record. The Judge will rule upon such objections

and may direct or permit that the administrative record be supplemented.

### § 134.1208 Response to an appeal petition.

(a) *Who may respond.* Only SBA may respond to an appeal. The response should set forth the relevant facts and legal arguments to the issues presented on appeal.

(b) *Time limit.* Except for good cause shown, a response filed after the close of record established by the Judge will not be considered.

(c) *Service.* The SBA must file its response with OHA, and serve a copy of the response upon the appellant and upon each of the persons identified in the certificate of service attached to the appeal petition pursuant to § 134.1202(d).

(d) *Reply to a response.* No reply to a response will be permitted unless the Judge directs otherwise.

### § 134.1209 Evidence beyond the record, discovery and oral hearings.

(a) *General Rule.* Generally, the Judge may not admit evidence beyond the written administrative record or permit any form of discovery.

(b) *Discovery.* Discovery will be permitted only if the Judge determines that SBA, upon written submission, has made a showing of good cause for discovery.

(c) *Oral hearings.* Oral hearings will not be held on an appeal of an SBA loan review decision, unless, following the motion of a party, or at the Judge's own initiative, the Judge orders an oral hearing upon concluding that there is a genuine dispute of material fact that cannot be resolved except by the taking of testimony and the confrontation of witnesses. If an oral hearing is ordered, the proceeding shall be conducted in accordance with §§ 134.214 and 134.222 in subpart B of this part as the Judge deems appropriate.

(d) *The record.* All appeals under this subpart L will be decided solely on a review of the written administrative record, the appeal petition, and response(s) filed thereto, any admitted evidence, and an oral hearing, if held.

### § 134.1210 Interlocutory appeals.

(a) *General.* Either party may file an interlocutory appeal of a Judge's ruling which decides an issue of privilege. Interlocutory appeals will be decided by the Administrator of SBA or a designee.

(b) *Procedures.* An interlocutory appeal must be filed and served no later than 20 calendar days after issuance of the ruling to which the interlocutory appeal applies. A response to the interlocutory appeal must be filed 10 calendar days after the interlocutory appeal is served. The Judge may stay the proceedings before OHA, in whole or in part, as he or she deems appropriate pending resolution of the interlocutory appeal.

### § 134.1211 Alternative dispute resolution.

(a) *Joint Motion.* At any time during the pendency of an appeal, the parties may submit a joint motion requesting that the Judge permit the use of alternative dispute resolution to assist in resolving the matter.

(b) *Procedures.* If the motion is granted, the Judge will also stay the proceedings before OHA, in whole or in part, as he or she deems appropriate, pending the outcome of the alternative dispute resolution. In addition, the AA/OHA or a Judge may designate another Judge or attorney assigned to OHA to serve as a neutral in alternative dispute resolution procedures. If OHA provides the neutral and the mediation fails to resolve all issues in the case, the OHA-provided neutral will not be involved in the adjudication.

### § 134.1212 Standard of review.

The standard of review is whether the SBA loan review decision was based on clear error of fact or law. The appellant has the burden of proof, by a preponderance of the evidence.

### § 134.1213 Decision on appeal.

(a) *Time limits and contents.* The Judge will issue his or her decision within 45 calendar days after the close of record, as practicable. The decision will contain findings of fact and conclusions of law, the reasons for such findings and conclusions, and any relief ordered. The decision will be served on each party.

(b) *Initial decision.* The Judge's decision on the appeal is an initial decision. However, unless a request for review is filed pursuant to § 134.228(a), or a request for reconsideration is filed pursuant to paragraph (c) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service. The final OHA decision creates precedent only for appeals involving the PPP. Any OHA decision pursuant to this subpart L applies only to the PPP and does not apply to SBA's 7(a) Loan Program generally or to any interpretation or application of the regulations in part 120 or part 121 of this title.

(c) *Reconsideration.* An initial decision of the Judge may be reconsidered. Either SBA or the appellant may request reconsideration by filing with the Judge and serving a petition for reconsideration within 10 calendar days after service of the written decision. The request for reconsideration must clearly show an error of fact or law material to the decision. The Judge may also reconsider a decision on his or her own initiative within 20 calendar days after service of the written decision.

(d) *Request for review.* Within 30 calendar days after the service of an initial decision or a reconsidered initial decision of a Judge, any party, or SBA's Office of General Counsel, may file and serve a request for review by the Administrator pursuant to § 134.228(a). In order for a borrower to exhaust its administrative remedies and preserve its right to seek judicial review of an SBA final decision in a federal district court, a borrower that disputes an initial decision or reconsidered initial decision must file and serve a request for review of the initial decision or reconsidered initial decision by the Administrator pursuant to § 134.228(a). If a request for review is filed pursuant to § 134.228(a), the provisions in § 134.228 will apply.

(e) *Publication.* OHA decisions are normally published without redactions on OHA's website. A decision may contain confidential business and financial information or personally identifiable information where that information is either decisionally-significant or otherwise necessary for a comprehensible decision. Where no protective order is in place, a party may request a redacted public decision by contacting OHA. Where a protective order is in place, the Judge will usually issue the unredacted decision under the protective order and a redacted version for public release.

### § 134.1214 Effects of the decision.

OHA may affirm, reverse, or remand an SBA loan review decision. If remanded, OHA no longer has jurisdiction over the matter unless a new appeal is filed as a result of a new SBA loan review decision.

### § 134.1215 Equal Access to Justice Act (EAJA), 5 U.S.C. 504.

A prevailing appellant is not entitled to recover attorney's fees. Appeals to OHA from SBA loan review decisions under the PPP are not proceedings that are required to be conducted by an Administrative Law Judge under § 134.603.

### § 134.1216 Exhaustion of administrative remedies.

An appeal to OHA and request for review by the Administrator of a disputed initial decision or reconsidered initial decision are administrative remedies that must be exhausted before judicial review of an

SBA loan review decision may be sought in a federal district court.

### § 134.1217 Confidential Information and Protective Order.

(a) If a filing or other submission made pursuant to an appeal in this subpart L contains confidential business and financial information; personally identifiable information; source selection sensitive information; income tax returns; documents and information covered under § 120.1060 of this title; or any other exempt information, that information is not available to the public pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552.

(b) SBA or appellant may seek a protective order over any document or information exchanged in discovery if permitted in accordance with § 134.1209 and any document or information filed pursuant to an appeal in this subpart L.

**Jovita Carranza,**
*Administrator.*
[FR Doc. 2020–17895 Filed 8–25–20; 11:15 am]
**BILLING CODE P**

## DEPARTMENT OF TRANSPORTATION

### Federal Aviation Administration

### 14 CFR Part 39

[Docket No. FAA–2020–0786; Project Identifier AD–2020–00914–R; Amendment 39–21229; AD 2020–18–08]

**RIN 2120–AA64**

### Airworthiness Directives; Robinson Helicopter Company

**AGENCY:** Federal Aviation Administration (FAA), DOT.
**ACTION:** Final rule; request for comments.

**SUMMARY:** The FAA is superseding Airworthiness Directive (AD) 2019–12–18 for Robinson Helicopter Company (Robinson) Model R44 II helicopters. AD 2019–12–18 required inspecting certain engine air induction hoses (hoses) and replacing any hose that was not airworthy. AD 2019–12–18 also prohibited the installation of certain hoses. This AD continues to require inspecting those previously affected hoses and amends the applicability, clarifies an inspection requirement, adds a requirement to repeat the inspection, and expands the installation prohibition. This AD was prompted by an additional report of separation between the outer and inner hose layers. The FAA is issuing this AD to address the unsafe condition on these products.

**DATES:** This AD is effective August 27, 2020.

The FAA must receive any comments on this AD by October 13, 2020.

**ADDRESSES:** You may send comments, using the procedures found in 14 CFR 11.43 and 11.45, by any of the following methods:

• *Federal eRulemaking Portal:* Go to *https://www.regulations.gov.* Follow the instructions for submitting comments.
• *Fax:* 202–493–2251.
• *Mail:* U.S. Department of Transportation, Docket Operations, M–30, West Building Ground Floor, Room W12–140, 1200 New Jersey Avenue SE, Washington, DC 20590.
• *Hand Delivery:* U.S. Department of Transportation, Docket Operations, M–30, West Building Ground Floor, Room W12–140, 1200 New Jersey Avenue SE, Washington, DC 20590, between 9 a.m. and 5 p.m., Monday through Friday, except Federal holidays.

For service information identified in this final rule, contact Robinson Helicopter Company, 2901 Airport Drive, Torrance, CA 90505; telephone 310–539–0508; fax 310–539–5198; or at *https://robinsonheli.com/.* You may view this service information at the FAA, Office of the Regional Counsel, Southwest Region, 10101 Hillwood Pkwy, Room 6N–321, Fort Worth, TX 76177. For information on the availability of this material at the FAA, call 817–222–5110.

### Examining the AD Docket

You may examine the AD docket on the internet at *https://www.regulations.gov* by searching for and locating Docket No. FAA–2020–0786; or in person at Docket Operations between 9 a.m. and 5 p.m., Monday through Friday, except Federal holidays. The AD docket contains this final rule, any comments received, and other information. The street address for Docket Operations is listed above. Comments will be available in the AD docket shortly after receipt.

**FOR FURTHER INFORMATION CONTACT:** Roger Gretler, Aerospace Engineer, Los Angeles ACO Branch, Compliance & Airworthiness Division, FAA, 3960 Paramount Blvd., Lakewood, CA 90712; phone 562–627–5251; email *roger.gretler@faa.gov.*

**SUPPLEMENTARY INFORMATION:**

### Discussion

The FAA issued AD 2019–12–18, Amendment 39–19673 (84 FR 32028, July 5, 2019) ("AD 2019–12–18"), for Robinson Model R44 II helicopters. AD 2019–12–18 required, for helicopter serial numbers (S/Ns) 14248 through 14268 and 14270 through 14286 and helicopters with a hose part number (P/N) A785–31 installed after April 30, 2018, inspecting the inside of the hose for separation between the outer and inner layers and flexing the hose in all directions while listening for a crinkling sound, which is an indication of separation. If there was any separation or a crinkling sound, AD 2019–12–18 required replacing the hose before further flight. If there was no separation and no crinkling sound, AD 2019–12–18 required replacing the hose within 50 hours time-in-service (TIS). Finally, AD 2019–12–18 prohibited installing hose P/N A785–31 marked with code 1Q18 on any helicopter.

AD 2019–12–18 resulted from 12 reports, including an accident on April 4, 2019, of separation between the outer and inner layers of the orange silicone hose out of a suspected population of 100 hoses traced to a specific manufacturing batch marked by code 1Q18 (1st quarter of 2018). The separation of the silicone layers, if not addressed, could result in blockage of air flow to the engine, engine stoppage, and subsequent loss of control of the helicopter. Accordingly, the FAA issued AD 2019–12–18 to address the unsafe condition on these products.

### Actions Since AD 2019–12–18 Was Issued

Since the FAA issued AD 2019–12–18, an NTSB report of October 2019 concluded from the accident aircraft's orange silicone hose marked by code 1Q18, that contamination was introduced during the manufacturing process between the silicone layers that prevented a satisfactory bond.

In addition, a helicopter accident occurred on April 6, 2020, and preliminary investigation indicated that separation between the outer and inner layers of the orange silicone hose P/N A785–31 occurred. This hose was traced to the manufacturing batch marked by code 3Q17 (3rd quarter of 2017).

Subsequently, the FAA determined that any helicopter with an improved black neoprene hose P/N A785–31 installed should not be affected by this AD. The FAA has also determined that, for helicopters with an orange silicone hose, repeating the inspection is necessary. Accordingly, the FAA is superseding AD 2019–12–18 to amend the applicability from all Robinson Model R44 II helicopters to Model R44 II helicopters with an orange silicone hose P/N A785–31 installed. This AD also clarifies that the hose must be removed to perform the inspection, adds a requirement to repeat the inspection, and expands the installation prohibition